# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# FRANKFORT

CASE NO. 22-11-GFVT

UNITED STATES OF AMERICA                                                    PLAINTIFF

V.            **UNITED STATES' SENTENCING MEMORANDUM**

CHARLES CRAWFORD                                                            DEFENDANT

* * * * *

The Defendant pleaded guilty to using a six-year-old child to create multiple sexually explicit videos, in violation of 18 U.S.C. § 2251(a). [R. 19: Plea Agreement at ¶ 3.] The Presentence Report calculates that the Defendant's offense level is a 48—higher than the offense level chart provides—and thus his level is reduced to the highest level provided for on the chart—a 43. Crawford also has a criminal history at the top of the range—level VI. This results in a recommended guideline range of life imprisonment. [PSR ¶ 85.] However, the statutory maximum for the Defendant's crime is 360 months imprisonment; therefore, the applicable guideline range is 360 months of imprisonment. *Id*. The Defendant has moved the court for a downward variance and asks the Court to impose a sentence of 300 months imprisonment. [R. 31: Defendant's Sentencing Memo.] The United States objects. A sentence of 360 months of imprisonment is required to achieve the sentencing objectives of 18 U.S.C. §3553(a).

1

A substantial sentence is necessary "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). In this case, Crawford pleaded guilty to producing sexually explicit images of a victim in his care. The victim has indicated that the extent of her abuse by Crawford went well beyond what was depicted in the videos. It was an ongoing, continuous pattern of conduct that cannot simply be attributed to the Defendant's drug use. While there is no current evidence that the images were distributed, only time will confirm if this is true. This is why, when recordings are created, the crime of sexual assault is made even more serious—as the child sexual abuse images may live forever. *See New York v. Ferber*, 458 U.S. 747, n.10 (1982) ("Because the child's actions are reduced to a recording, the pornography may haunt him in future years, long after the original misdeed took place.) While the creation of child sexual abuse material is always horrific, the added betrayal and abuse of trust caused by the relationship between Crawford and his victim heightens the seriousness of the offense. The victim will live with the impact of this crime for the remainder of her life. Moreover, there is a societal harm caused by Crawford's conduct. "As victimized children reach adulthood, they often struggle to develop healthy relationships, and to find their place in society. In this way, their burdens are shared by all." *United States v. Faulkner*, 926 F.3d 266, 272 (6th Cir. 2019) (citations omitted).

A substantial sentence is also required to "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). As demonstrated in the PSR, Crawford has a significant criminal history, with conduct ranging from manufacturing

methamphetamine, attempted robbery, burglary, felon in possession of a firearm, wanton endangerment, and theft. [PSR ¶¶ 35-51.] Moreover, the ongoing nature of Crawford's conduct with this victim demonstrates a sustained and ongoing sexual interest in children. Crawford's repetitive criminal conduct, the threat he poses to children, and his willingness to harm those closest to him all demonstrate that Crawford poses a danger to the community and militates strongly against a variance in this case.

A substantial sentence is also needed "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). Crawford's extensive criminal history supports the belief that a substantial sentence is needed to deter future criminal conduct by Crawford. Moreover, a sentence of imprisonment of 360 months would be a clear warning to others considering similar conduct. "General deterrence is crucial in the child pornography context." *United States v. Camiscione*, 591 F.3d 823, 834 (6th Cir. 2010). Although producers, traders and collectors of child sexual abuse material may have a compulsion for this material, they may still be deterred by law enforcement. Learning of Crawford's substantial sentence will perhaps reduce the abuse of children by others in this district who would consider producing, receiving, possessing and trading such material. *See United States v. Widmer*, 511 F. App'x 506, 511-12 (6th Cir. 2013) ("sentence was necessary to send a signal to would-be offenders that receipt of child pornography carries significant consequences").

It is important to note that a sentence of 360 months of imprisonment is, in essence, a variance. Under the sentencing guidelines, the Defendant's offense level was 5 levels higher than the highest offense level reflected on the sentencing guideline chart.

Even with the 5-level reduction to a level 43, the Defendant's recommended range is life. In this case, the benefit the Defendant obtained by pleading guilty was having a sentencing range capped at 30 years—a sentence less than his recommended range. There are simply no factors that would warrant varying even further.

In addition to the period of incarceration, any sentence should consider the need for "restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). The parties, including the *guardian ad litem* for the victim in this case and Crawford have reached an agreed proposed restitution amount of $15,000. This amount reflects a good faith effort to predict the future counseling costs of the victim based on a report prepared by her therapist. Although the victim's current counseling expenses are covered, both parties agree it is likely the need for counseling for the victim will extend into adulthood and that she is entitled to restitution for this future expenses.

## **CONCLUSION**

The United States respectfully requests the Court to impose a sentence of 360 months imprisonment, to be followed by at least twenty years of supervised release.

    Respectfully Submitted,

    CARLTON S. SHIER, IV
    UNITED STATES ATTORNEY

By:    s/ Erin M. Roth
    Assistant United States Attorney
    260 W. Vine Street, Suite 300
    Lexington, Kentucky 40507-1612
    (859) 685-4872

Erin.Roth@usdoj.gov

CERTIFICATE OF SERVICE

On August 7, 2023, I electronically filed this document through the ECF system, which will send notice of electronic filing to all counsel of record.

s/ Erin M. Roth
Assistant United States Attorney